☒ LEGIBLE SCAN
(CHECK ONE)
☐ ARCHIVE THIS
PAPER DOCUMENT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STEPHEN J. BUSH,                          :
                                          :
            Movant/Defendant,             :
                                          :
      v.                                  :     Civ. A. No. 12-1309-LPS
                                          :     Cr. A. No. 93-40-LPS
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
            Respondent/Plaintiff.         :

## MEMORANDUM

### I.    BACKGROUND

In 1993, Movant Stephen J. Bush pled guilty to violating 18 U.S.C. §§ 876 and 2.  (D.I.

19)  The Honorable Joseph J. Farnan, Jr. sentenced him to thirty-seven months of imprisonment

and three years of supervised release, to run consecutive to his then-current Delaware state

sentence.  (D.I. 27)  Movant remained incarcerated in the Delaware state prison system for a total

of thirty years, with a scheduled parole release date of October 29, 2012.  (D.I. 36 at 2)

Presently pending before the Court is Movant's "Motion to Vacate/Set Aside Consecutive

Sentence," in which Movant asks the Court to set aside or vacate his thirty-seven month federal

sentence and impose a probationary period in its place.  (D.I. 36 at 3)

### II.   LEGAL STANDARDS

Federal courts are required to liberally construe *pro se* filings.  *See Royce v. Hahn*, 151

F.3d 116, 118 (3d Cir. 1998).  Nevertheless, a district court may summarily dismiss a § 2255

motion "if it plainly appears from the face of the motion and any exhibits annexed to it that the

moving party is not entitled to relief."  *See* Rule 4, 28 U.S.C. foll. § 2255.  Significantly, in order

to pursue relief under to 28 U.S.C. § 2255, a movant must assert that his "sentence was imposed

in violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

III.    **DISCUSSION**

Having reviewed the face of the Motion, the Court concludes that summary dismissal is

appropriate. Movant's contention that his thirty-seven month federal sentence should be set

aside because he is sixty-two years old and suffering from serious medical conditions (D.I. 3 at 2)

does not challenge the constitutionality or legality of Movant's conviction, sentence, and/or

custody. Therefore, the Motion does not assert a basis for § 2255 relief.

IV.    **CONCLUSION**

For the reason set forth above, the Court will summarily dismiss Movant's § 2255

Motion. The Court will also decline to issue a certificate of appealability because Movant has

failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A

separate order will be entered.

Dated: February 21, 2013

UNITED STATES DISTRICT JUDGE

2